IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PAMELA C. BROWN | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 08-354 |
| | : | |
| MICHAEL J. ASTRUE, | : | |
| Commissioner of Social Security | : | |

**MEMORANDUM**

LOWELL A. REED, Jr., Sr. J                                            SEPTEMBER 18, 2008

    Before the court for consideration is plaintiff's brief and statement of issues in support of request for review[1] (Doc. No. 10) and the response thereto (Doc. No. 14). The court makes the following findings and conclusions:

    1.  On April 24, 2006, Pamela Brown ("Brown") protectively filed for disability insurance benefits ("DIB") and social security income ("SSI") under Titles II and XVI, respectively, of the Social Security Act, 42 U.S.C. §§ 401-433, 1381-1383f, alleging an onset date of October 10, 2001.[2] (Tr. 34-36; 52; 195-98). Throughout the administrative process, including an administrative hearing held on May 21, 2007 before an ALJ and in the December 3, 2007 order by the Appeals Council, Brown's claims were denied. (Tr. 4-6; 9-20; 26; 28-31; 199; 200-04). Pursuant to 42 U.S.C. § 405(g), on January 29, 2008, Brown filed her complaint in this court seeking review of that decision.

    2.  In her decision, the ALJ concluded that Brown's degenerative disc disease of the lumbar spine, left shoulder impairment, left knee impairment, and obesity were severe impairments. (Tr. 14 ¶ 5; 14 Finding 3).[3] The ALJ further concluded that Brown's impairments did not meet or equal a listing, she retained the residual functional capacity ("RFC") to perform light work, she was capable of performing past relevant work, and, therefore, was not disabled. (Tr. 15 ¶ 1; 19 ¶ 6; 15 Findings 4, 5; 19 Findings 6, 7).

    3.  The Court has plenary review of legal issues, but reviews the ALJ's factual findings to determine whether they are supported by substantial evidence. Schaudeck v. Comm'r of Soc. Sec., 181 F.3d 429, 431 (3d. Cir. 1999) (citing 42 U.S.C. § 405(g)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consol. Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)); see also Dobrowolsky v. Califano, 606 F.2d 403, 406 (3d Cir. 1979). It is more than a mere scintilla but may be less than a preponderance. See Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988). If the conclusion of the ALJ is supported by substantial evidence, this court may not set aside the Commissioner's decision even if it

---

[1] Plaintiff filed a motion for summary judgment with her brief and statement of issues in support of request for review, which the court will construe only as a brief pursuant to the procedural order. (Doc. No. 5).

[2] For DIB purposes, Brown's date last insured is December 31, 2006. (Tr. 52).

[3] All numbered paragraph references to the ALJ's decision begin with the first full paragraph on each page.

would have decided the factual inquiry differently.  Hartranft v. Apfel, 181 F.3d 358, 360 (3d Cir. 1999); see 42 U.S.C. § 405(g).

      4.    Brown raises two arguments in which she alleges that the determinations by the ALJ were not supported by substantial evidence.  These arguments are addressed below.  However, upon due consideration of all of the arguments and evidence, I find that the ALJ's decision is legally sufficient and supported by substantial evidence.

      A.    Brown claims that the ALJ erred in giving limited weight to the RFC related determinations of her treating, examining, and non-examining doctors and finding that Brown could perform light work without any limitations.  I first note that the ultimate disability determination is reserved for the ALJ and a treating physician's opinion on that topic is not entitled to any special significance.  20 C.F.R. §§ 404.1527(e), 416.927(e); SSR 96-5p.  A treating physician is only provided controlling weight when his opinion is well supported by medically acceptable sources and not inconsistent with other substantial evidence in the record.  20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2).

      Richard Band, M.D. ("Dr. Band"), who saw Brown four times before he made his assessment, found that Brown could sit and stand/walk for a total of less than 2 hours, could occasionally lift and carry 10 pounds, and could never perform postural activities.  (Tr. 161-64; 165-66; 170; 172-73).  Horacio Buschiazzo, MD ("Dr. Buschiazzo"), a one time consultative examiner, determined Brown could only stand/walk for less than an hour based on Brown's report that she could only walk a block because of lumbar pain, that she could sit for a total of 2 hours, occasionally lift and carry 10 pounds, and had no reaching and handling limitations.  (Tr. 124; 125).  As for the state agency physician, Mark Bohn, MD ("Dr. Bohn"), he found Brown could perform light work with pushing and pulling limited by Brown's decreased ROM, occasional climbing, balancing, and stooping, limited reaching and handling, and avoidance of exposure to extreme temperatures, fumes, and hazards.  (Tr. 130-135).  The ALJ stated that she did not give Dr. Band's RFC determination much weight because of "the short treatment period, very conservative treatment and medication prescribed, and [Brown's] lack of followup" and only gave partial weight to Dr. Buschiazzo's determinations, finding them to be not fully supported by the record.  (Tr. 17 ¶ 3; 18 ¶ 3).  The ALJ decided to give limited weight to Dr. Bohn's findings based on medical evidence subsequent to Dr. Bohn's report, including what she characterized as an "unremarkable left shoulder MRI of December 2006," and "poor medical followup" by Brown.  (Tr. 19 ¶ 5).  The left shoulder MRI on December 11, 2006 demonstrated slight rotator cuff tendinitis that might be secondary to impingement. (Tr. 169).  In evaluating Brown's RFC, the ALJ noted that after Brown's 1999 and 2000 workplace injuries, she was able to return to her medium to heavy job as a baggage handler until she was laid off for non-medical reasons after September 11, 2001.  (Tr. 16 ¶ 4).  The ALJ also observed that despite Brown's allegations, she did not seek any medical treatment during most of her alleged period of disability.[4]  (Tr. 16 ¶ 2).  After April 2006, Brown had limited medical treatment with four months of orthopaedic treatment, five appointments with her family doctor, and four months of physical therapy.  (Tr. 161-73; 174-75; 182-194).  Brown was discharged from physical therapy after repeated reports of inability to assess her strength because of claims by Brown that she could not tolerate the exercise, submaximal effort, resistance to an exercise program, and no progress being made.  (Tr. 182; 185; 190; 194).  As noted by the ALJ, the medical evidence revealed normal ranges of motion with some mild limitations, normal gait, normal motor reflexes, some tenderness in her fingers, negative straight leg raise, some back tenderness, and pain in her knee upon

---

[4] Brown did not receive medical treatment from October 1, 2001 until April 27, 2006.  (Tr. 16 ¶ 2; 116).

movement.[5] (Tr. 17 ¶¶ 3, 6; 18 ¶ 3; 123-24; 165; 166; 170; 172). The x-rays and MRIs revealed a heel spur, small annular bulges and mild to moderate narrowing in Brown's spine, and slight rotator cuff tendinitis in her left shoulder. (Tr. 167-68; 169; 177). At her last appointment with Dr. Band, he determined Brown's left shoulder had a full range of motion and concluded her medication should be Tylenol as needed.[6] (Tr. 18 ¶3; 165). Thus, Brown's conservative treatment and limited medical findings provide substantial evidence to support the ALJ's conclusion that Brown can perform unlimited light work.

B.  Brown also argues that the ALJ erred in finding she could perform her past relevant work as a food service worker and airline security worker. The VE testified that food service work is light and semiskilled and airline security is light and semiskilled.[7] (Tr. 236-37). The VE even testified that the food service job could be performed by Brown even if she had been found to have the reaching and handling limitations assessed by Dr. Bohn. (Tr. 132; 237; 240-41). I will note the ALJ erred in finding Brown could perform these jobs as she performed them in the past since she performed them as medium work. However, this was harmless error, since it would not change the outcome of the case. Rutherford v. Barnhart, 399 F.3d 546, 553 (3d Cir. 2005) (refusing to remand where stricter compliance with a social security ruling would not have changed the outcome of the case). Thus, this argument does not provide a reason to remand the case.

5.  Because the decision of the ALJ was supported by substantial evidence and is legally sufficient, the decision of the Commissioner must be affirmed.

An appropriate Order follows.

---

[5] Brown also asserts that the ALJ failed to consider the effect of her obesity. However, Brown fails to cite to any medical limitations caused by her obesity that were not addressed by limiting her to light work, and the ALJ noted that she did not consider obesity a "significant exacerbating factor" because her weight was only 18 pounds more than her normal adult weight when she was working and no medical records indicated her doctors told her she needed to lose weight to counteract her limitations. (Tr. 15 ¶ 2; 210). Thus, the ALJ satisfied SSR 02-1p in evaluating the effect of obesity on Brown's impairments.

[6] Dr. Band also prescribed Brown a cane at that appointment, however, Brown has stated that she does not use it. (Tr. 18 ¶ 3; 211). Brown reported at the hearing that her family doctor also prescribed her medications apparently for her osteoarthritis, sleeplessness, cholesterol, and hypertension and directed her to take over-the-counter Acetaminophen for pain. (Tr. 218).

[7] Brown argues with respect to the airline security job that she could not perform it because it was an unskilled job as she performed it, however, the argument is to no avail since no mental limitations were found, the ALJ determined she could perform unlimited light work, and the food service and home health aid jobs she previously performed were classified as semiskilled. (Tr. 236).

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PAMELA C. BROWN | : | CIVIL ACTION |
| | : | |
| v. | : | NO.  08-354 |
| | : | |
| MICHAEL J. ASTRUE, | : | |
| Commissioner of Social Security | : | |

**ORDER**

AND NOW, this 18th day of September, 2008, upon consideration of the brief in support of review filed by plaintiff and response thereto (Doc. Nos. 10; 14) and having found after careful and independent consideration that the record reveals that the Commissioner applied the correct legal standards and that the record as a whole contains substantial evidence to support the ALJ's findings of fact and conclusions of law, for the reasons set forth in the memorandum above, it is hereby **ORDERED** that:

1. **JUDGMENT IS ENTERED IN FAVOR OF THE DEFENDANT, AFFIRMING THE DECISION OF THE COMMISSIONER OF SOCIAL SECURITY** and the motion for summary judgment and the relief sought by Plaintiff is **DENIED**; and

2. The Clerk of Court is hereby directed to mark this case closed.

/s/ Lowell A. Reed, Jr.
LOWELL A. REED, JR., Sr. J.